NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| D.D., | : | |
|     Plaintiff, | : | Civil Action No.: 11-7475 (PGS) |
| v. | : | |
| UNIVERSITY OF MEDICINE AND DENTISTRY OF NEW JERSEY; RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY; ROSEANN MARONE; JOHN DOES 1-10; AND JOHN DOES 11-20, | : | MEMORANDUM AND ORDER |
|     Defendants. | : | |

This matter comes before the Court on plaintiff D.D.'s ("Plaintiff") motion to remand this case to state court, (Dkt. No. 8), and defendant Rutgers the State University of New Jersey's ("Rutgers") motion to stay. (Dkt. No. 13). For the reasons stated below, Plaintiff's motion to remand is granted, and Rutgers' motion to stay is dismissed as moot.

I

In or around November 2009, Plaintiff was asked to be the keynote speaker for Robert Wood Johnson Medical School's December 1, 2009 observation of World AIDS day. (Compl. 10). For reasons that need not concern us here, Defendants publicly disclosed confidential medical information about the Plaintiff. (Compl. 13-19). In response to Defendants' disclosure, Plaintiff filed a Complaint in the Superior Court of New Jersey, Middlesex County, Law Division. (Compl. 29-98). The Complaint includes ten causes of action, three of which affect the present motion: (1)

count four, which states that "Defendants' failure to properly and adequately train their employees, . . . amounts to a negligent and a wanton, deliberate, and/or reckless indifference to Plaintiff's right to privacy under the New Jersey Constitution, the federal constitution, New Jersey state law, and common law," (Compl. 51 (emphasis added)); (2) count five, which states that "Defendants' failure to properly adequately supervise their employees . . . amounts to a negligent and a wanton, deliberate, and/or reckless indifference to Plaintiff's right to privacy under the New Jersey Constitution, the federal constitution, New Jersey state law, and common law," (Compl. 58 (emphasis added)); and count ten, which alleges violation of New Jersey's Civil Rights Act ("NJCRA") and states "[a]cting under color of state law, [Defendants] deprived Plaintiff . . . of her right to privacy as secured by the state and federal constitutions and laws of this State." (Compl. 95 (emphasis added)). On December 23, 2011, Rutgers removed Plaintiffs' complaint to this court, (Dkt. No. 1). On January 23, 2012, Plaintiff filed the present motion to remand. (Dkt. No. 8).

In their opposition to Plaintiff's motion to remand, Rutgers claims that this Court has subject matter jurisdiction over Plaintiff's complaint because count four (the "Failure to Train claim"), count five (the "Failure to Supervise claim"), and count ten (the "NJCRA claim") explicitly incorporate federal law. (See Opp'n Br. 3; see also 28 U.S.C. § 1331). Rutgers also claims that the NJCRA claim implicitly arises under federal law because the NJCRA "is dependent on the resolution of federal law." (Opp'n Br. 9-10). Finally, Rutgers claims that the Court has jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(a) because these claims stem from the same controversy that forms the basis of Plaintiff's federal claim. In response to Rutgers' opposition, Plaintiff makes clear that only state law claims were intended, and that "Plaintiff's citation to the federal constitution [merely] helps inform her state causes of action." (Reply Br. 1). As I understand the Plaintif's claims, the plaintiff seeks to dismiss the federal claims.

II

Under the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1447(c).  The removing party bears the burden of establishing the court's jurisdiction. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

For federal question jurisdiction, an action must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Although ordinarily state law claims will not give rise to federal question jurisdiction, such claims raise a federal question when a right or immunity created by the Constitution or the laws of the United States is an essential element of the cause of action. City of Chi. v. Int'l Coll. of Surgeons, 522 U.S. 156, 164 (1997); U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002).

III

To the extent that Plaintiffs' Failure to Train, Failure to Supervise, and NJCRA claims include federal causes of action, Plaintiffs have clearly abandoned these claims. (See Reply Br. 1). These causes of actions are therefore dismissed. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Turning next to Rutgers' claim that the NJCRA implicitly involves the resolution of federal law, the Court finds this argument specious. Vitellaro v. Mayor & Twp. Council & Twp. of Hanover, Civ. No. 09-3310 (WJM), 2009 WL 5204771 (D.N.J. Dec. 23, 2009).  "If a [Plaintiff] wishes to remain in state court, she may choose to plead only violation of her state constitutional rights under NJCRA." Ortiz v. Univ. of Med. & Dentistry of N.J., Civ. No. 08-2699 (JLL), 2009 WL 737046, at *10 (D.N.J. Mar. 18, 2009). As the Court has determined that Plaintiffs' complaint only retains violations of the New Jersey state constitution, Rutgers' argument on this count also fails.

Turning finally to whether the Court should exercise supplemental jurisdiction over the pendent state law claims, a court may decline jurisdiction over such claims after the federal claims have been dismissed. 28 U.S.C. § 1367(c)(3). Taking into account the issue of convenience, comity, fairness and judicial economy, see Carnegie-Mellon v. Cohill, 484 U.S. 343, 346 (1998), the Court notes that this case is the earliest stages of litigation. Additionally, no discovery has taken place. Finally, the remaining issues in this matter deal squarely with issues of state law. As such, there are no compelling reasons for the Court to retain jurisdiction.

ORDER

This matter, having come before the Court on plaintiff D.D.'s motion to remand (Dkt. No. 8) and defendant Rutgers' cross-motion to stay (Dkt. No. 13), and this Court having considered the parties' written submissions without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure, for the reasons set forth in the above memorandum,

IT IS on this 4th day of September 2012, hereby

ORDERED that the federal elements of counts four, five, and ten are dismissed as abandoned; and it is further

ORDERED that Plaintiff's motion to remand (Dkt. No. 8) is granted; and

ORDERED that Defendant's cross-motion to stay (Dkt. No. 13) is dismissed as moot; and

ORDERED that this case is closed.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.